\*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., : Plaintiff, : v. : JANSSEN PHARMACEUTICALS, INC., *et al.*, : Defendants. : | Civil Action No. 12-2132 (FLW) **OPINION** |

**WOLFSON, District Judge**:

Presently before this Court is a motion for reconsideration of this Court's January 31, 2013 Order, pursuant to Fed. R. Civ. P. 59(e) and Local Rule 7.1(i), filed by Plaintiff Physician's Healthsource, Inc. (hereafter "Plaintiff"). In the alternative, Plaintiff asks this Court for leave to file an amended complaint. This case concerns whether an unsolicited fax – regarding the classification of a drug for insurance purposes -- sent to a doctor's office violated The Telephone Consumer Protection Act ("TCPA"). After Plaintiff filed its Complaint with this Court, Defendants, Alert Marketing, Inc., Janssen Pharmaceuticals, Inc. and Ortho-McNeil Pharmaceuticals, LLC (collectively, "Defendants"), jointly moved to dismiss Plaintiff's claims. Following oral argument, this Court dismissed Plaintiff's Complaint on the record and supplemented the decision with a Supplemental Opinion. In the instant matter, Plaintiff moves for reconsideration of that decision. In connection with Plaintiff's motion, Plaintiff also submits a Proposed Amended Complaint. Essentially, Plaintiff argues that this Court erred by finding 1) an existing business relationship between Plaintiff and Defendants; and 2) that the faxes were

sent for informational purposes. In further support of its motion, Plaintiff relies upon purportedly new evidence, in the form of proposed allegations, that allegedly were not available at the time of the hearing. For the reasons discussed below, Plaintiff's motion for reconsideration is **DENIED** and its motion for leave to amend is **GRANTED**, but not in the form of the Proposed Amended Complaint attached to Plaintiff's motion.

I. **Procedural and Factual Background**

Since the parties are familiar with the factual background of this case, I will only recount the necessary facts for the resolution of the instant motion. On or about April 8, 2008 and May 6, 2008, Defendants sent two unsolicited faxes to Plaintiff concerning the insurance reclassification of the pharmaceutical drug Levaquin.[1] According to Plaintiff, this fax was sent as a commercial advertisement in violation of the TCPA because Defendants did not have Plaintiff's consent, and there was no existing business relationship between the parties.

In moving to dismiss the Complaint, Defendants argued that the fax at issue was sent for informational purposes, and therefore, it fell outside of the TCPA's prohibition on unsolicited advertisements. Defendants further argued that Plaintiff had failed to allege that a business relationship did not exist between Plaintiff and Defendants. On January 31, 2013, this Court held a hearing on Defendants' motion, and on the record, the Court found that based on its contents, the fax at issue was informational. Importantly, during the hearing, although I questioned Plaintiff whether there was an existing business relationship with Defendants, I based

---

[1] Because I had discussed the contents of the fax in my earlier Opinion, I will not do so again here. However, to correct an error, in that Opinion, I indicated that according to the fax, Levaquin changed from a Tier 3 drug to Tier 2. While that information was not explicitly stated on the fax, there was discussion regarding such a tier change by counsel during the hearing. Nevertheless, since that information was not alleged in the Complaint, I will not rely on a tier change in determining whether I should reconsider my prior rulings.

2

my decision solely on the finding that because the fax's message was largely informational, Defendants did not violate the TCPA.

On this reconsideration motion, Plaintiff points to purportedly new allegations, which have come to light after the Court's hearing, and argues that I should consider these proposed allegations in determining whether the fax is an advertisement as a matter of law. Specifically, Plaintiff argues that these allegations would show that (1) the recipient of the fax never prescribed Levaquin; and (2) Levaquin was classified as a Tier 2 drug in 2004, over four years before the fax at issue in this case was sent to Plaintiff in 2008. Therefore, taking as true the allegations, there could be no existing business relationship between Defendants and Plaintiff, and the fax was not sent for the purpose of providing information, rather, it was sent for the purposes of advertising.

## II.     Standard of Review

### A. Motion for Reconsideration

While motions for reconsideration are not expressly permitted by the Federal Rules of Civil Procedure, motions for reconsideration are considered motions to amend or alter a judgment under Fed. R. Civ. P. 59(e) or a motion for relief from judgment under Fed. R. Civ. P. 60(b). U.S. v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J. 1999). Here, Plaintiff brings his motion for reconsideration under Fed. R. Civ. P. 59(e).[2] Under Fed. R. Civ. P. 59(e), a plaintiff has ten days following the entry of a judgment to seek leave to reopen their case. Fed. R. Civ. P. 59(e). This ten-day window permits the plaintiff to submit a motion to the court to amend or alter an earlier judgment based on new, previously undiscovered, evidence to correct a clear

---

[2]     For the purposes of this analysis, L. Civ. R. 7.1(i) is essentially the same as Fed. R. Civ. P. 59(e). See Database Am., Inc. v. Bellsouth Advert. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993).

3

error of law and prevent a manifest injustice. See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995); Harsco Corp. v. Ziotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Generally, motions for reconsideration made under Rule 59(e) are, if timely made,[3] granted in four situations: (1) to correct manifest errors of law or fact upon which the judgment was based; (2) to present newly-discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) there was an intervening change in the prevailing law. See Harsco Corp., 779 F.2d at 909 cert. denied (1986); see also Frolow v. Wilson Sporting Goods Co., No. 05-4813, 2012 WL 10820, *2 (D.N.J. Jan. 3, 2012). However, a mere disagreement with a district court's decision is not an appropriate basis for re-argument; rather, such disagreements should be raised through the appellate process. Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992) aff'd 37 F.3d 1485 (3d Cir. 1994). District courts have considerable discretion in deciding whether to reopen a case under Rule 59(e). Edward H. Bohlin Co. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993).

In order to show that a re-argument is necessary, the moving party must show that dispositive factual maters or controlling decisions of law were overlooked by the court in reaching its prior decision. Assisted Living Associates of Moorestown, LLC v. Moorestown, Twp., 996 F. Supp. 409, 442 (D.N.J. 1988). Furthermore, courts must only entertain matters that have been "overlooked" if, had they been considered by the court, the court may reasonably have arrived at a different conclusion. See, e.g., Pittson Co. v. Sedgwick James of New York, Inc., 971 F. Supp. 915 (D.N.J. 1997); Panna v. Firsttrust Sav. Bank, 760 F. Supp. 432, 435 (D.N.J. 1991); Pelham v. U.S., 661 F. Supp. 1063, 1065 (D.N.J. 1987). Motions for reconsideration are not "second bites at the apple." See Tishcio v. Bontex, Inc., 16 F. Supp. 2d 511, 533 (D.N.J.

1998). Motions for reconsideration should only address matters of fact or issues of law which were presented to the court, but not considered by the court, in making its decision. SPIRG v. Monsanto Corp., 727 F. Supp. 876, 878 (D.N.J.) aff'd 891 F.2d 283 (3d Cir. 1989). Reconsideration is not a means to expand the record to include matters not originally before the court. Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F.Supp.2d 610, 613 (D.N.J. 2001).

Where a party moves for reconsideration based on previously unavailable evidence, relief is unavailable under Fed. R. Civ. P. 59(e) when the evidence the moving party uses to support this claim was "available but not submitted" with the prior motion. Menke v. Baker, No. 10-2585, 2012 WL 3146876, at *3 (D.N.J. Aug. 1, 2012) (citing Harsco, 779 F. Supp. at 909). New evidence is not the equivalent of evidence that a party simply obtains after an adverse ruling. Howard Hess Dental Laboratories, Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 252 (3d Cir. 2010). Rather, the key difference of "new evidence" is that it could not have been submitted earlier because it was unavailable. Id. Furthermore, reconsideration of "new evidence" is only permissible if that evidence would have altered the disposition of the case. See Interfaith Cmty. Org. Inc. v. PPG Indust., Inc., 702 F. Supp. 2d 295, 317 (D.N.J. 2010), reconsideration denied (July 12, 2010). Absent unusual circumstances, courts should reject new evidence not presented when the court made its original decision. Resorts Int'l v. Greate Bay Hotel & Casino, Inc., 830 F. Supp. 826, 831 n.3 (D.N.J. 1992).  With this framework in mind, the Court finds that reconsideration of its prior ruling is not warranted.

Here, for reconsideration purposes, Plaintiff raises two new allegations which it claims would change my analysis of whether the fax constitutes an advertisement.  First, Plaintiff argues that the Court erroneously relied on the factual conclusion that Plaintiff had a business relationship with Defendants.  In support of this position, Plaintiff avers in its Proposed

5

Amended Complaint that the receiver of the fax, a physician, never prescribed Levaquin. This allegation, Plaintiff argues, eliminates the existence of any business relationship between the parties.  Second, Plaintiff alleges -- in its brief – that because Levaquin was reclassified in 2004, not in 2008 when the fax was sent to Plaintiff, the fax created a "false impression that it was being sent for informational purposes." (Plaintiff's Opp. Brief, p. 6.)  Therefore, Plaintiff claims that any information in the fax based on the drug's Tier rating was misleading and pre-textual. Id.

While Plaintiff refers to the allegations as new "evidence," clearly, these are simply allegations which are not evidence for reconsideration purposes.  This is not an instance where Plaintiff is asking me to correct errors of law or fact upon which my rulings were based in order to prevent manifest injustice, or there was an intervening change in the prevailing law.  Rather, Plaintiff is seeking to assert new allegations regarding the fax – and does not allege that information was not available at the time of my initial decision. In that regard, under the standard, Plaintiff has not raised any basis for which I would reconsider my prior rulings. However, because Plaintiff also seeks, in the alternative, to amend its Complaint, I will determine whether the proposed allegations are futile pursuant to Fed. R. Civ. P. 15(a).

   B. Motion to Amend

Because the Court analyzes Plaintiff's allegations through the lens of Rule 15(a), futility of amendment is a sufficient basis to deny leave to amend.  Futility "means that the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Merck & Co. Sec., Derivative, & ERISA Litig., 493 F.3d 393, 400 (3d Cir. 2007) (internal quotation marks & citation omitted). The standard for assessing futility is the "same standard of legal sufficiency as applies under [Rule] 12(b)(6)." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). In other

words, district courts "determine[] futility by taking all pleaded allegations as true and viewing them in a light most favorable to the plaintiff." <u>Winer Family Trust v. Queen</u>, 503 F.3d 319, 330-31 (3d Cir. 2007) (citing <u>In re Alpharma, Inc. Sec. Litig.</u>, 372 F.3d 137, 153-54 (3d Cir. 2004)). Under this standard, Plaintiff's allegations regarding the non-existing business relationship between the parties are futile.

Plaintiff argues, at length, that I spent some time on the record questioning whether there is an existing relationship between Defendants and Plaintiff, such that the fax at issue would be exempted under the TCPA. However, as the Supplemental Opinion made clear, my inquiry solely focused on whether the fax is, on its face, informational. Importantly, I did not hinge my decision on whether there was a prior business relationship between the parties. Indeed, I explicitly stated during the hearing that I would not "look at anything outside the record" and asked the parties to put aside the issue of existing business relationship – since Plaintiff did not plead such a relationship -- and return to the question raised by Defendants' joint motion to dismiss, i.e., whether the subject fax was an advertisement as a matter of law. <u>See</u> Transcript of Hearing, p. 13. Thus, it is clear that this Court's prior holding that the fax is an advertisement is not relevant to a finding of a prior business relationship, and as a result, amending the Complaint to include such allegations would not change the result.

Next, Plaintiff alleges that Levaquin was actually reclassified in 2004, and since the drug was already a Tier 2 drug in 2008, there was no "reclassification," "up-to-date," or "breaking news" reimbursement information and thus, the fax could not be considered truly informational. Pl.'s Mot. for Reconsideration, ¶ 6. Defendants, of course, counter that the drugs' tier ratings changed after 2004 – and can change often -- and that in 2007, Levaquin was Tier 3 drug. However, none of Defendants' assertions can be considered on a motion addressing futility of an

7

amendment, which employs a 12(b)(6) standard. That said, an assumption underlying my previous Opinion was that a reclassification had occurred and that new information was being shared with prescribing physicians. That may not be accurate..[4] Nevertheless, Plaintiff's assertions in this context have not been pled in its Proposed Amended Complaint, but instead appear in Plaintiff's Opposition Brief; this Court cannot consider such un-pled facts  See Frederico v. Home Depot, 507 F.3d 188, 202 (3d Cir. 2007). Importantly, I am making no finding as to whether such additional allegations could state a claim, and I will not address them at this time because they do not appear in the Proposed Amended Complaint. It would not be appropriate for this Court to render an advisory ruling on a non-existent pleading. As such, I will permit Plaintiff to amend its Complaint with whatever allegations it deems would be sufficient. Plaintiff shall file its Amended Complaint no later than June 26, 2013, and Defendants may, at that time, answer that complaint, or move to dismiss.

---

[4] In my previous ruling, I found that the fax, as a matter of law, cannot be considered an advertisement because the primary informational message of the fax outweighed the incidental advertising content. I also found that the fax did not contain any commercial pretext. However, Plaintiff's assertions regarding the timing of the tier change for Levaquin raise an issue which was not before me on Defendants' joint motion to dismiss: whether the context in which the defendants sent the fax -- taking into consideration, inter alia, the manner in which it was sent, the timing of the fax, as well as the recipient and the sender of the fax – would alter the seemingly informational message of the fax. Indeed, I make no findings at this time as to whether that consideration would ultimately prove successful for Plaintiff. At this stage, I will simply permit Plaintiff to amend its Complaint.

Accordingly, Plaintiff's motion for reconsideration is **DENIED**; and Plaintiff's motion for leave to amend is **GRANTED**, although not in the form of the proposed amended complaint submitted by Plaintiff.


DATE:  June 6, 2013 /s/     Freda L. Wolfson
Freda L. Wolfson, U.S.D.J.