NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., | Civil Action No. 12-2132 (FLW) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| JANSSEN PHARMACEUTICALS, INC., *et al.*, | |
| Defendants. | |

**BONGIOVANNI, Magistrate Judge**,

This matter comes before the Court upon Defendants Alert Marketing, Inc., Janssen Pharmaceuticals, Inc. and Ortho-McNeil Pharmaceutical, LLC's (identified as Ortho-McNeil Pharmaceutical, Inc.) (collectively "Defendants") motion to bifurcate discovery. [Docket Entry No. 52]. Plaintiff Physicians Healthsource, Inc. ("Plaintiff") opposes Defendants' motion. The Court has fully reviewed and considered all of the arguments made in support of and in opposition to Defendants' motion. The Court considers same without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Defendants' motion is GRANTED.

I.      **Background and Procedural History**

In light of the parties' familiarity with the facts of this matter, they shall not be reinstated at length herein. Instead, the Court shall recount only those facts necessary for the resolution of Defendants' motion to bifurcate. This case concerns whether two identical unsolicited faxes sent by Defendants to Plaintiff on or about April 8, 2008 and May 6, 2008 violated the Telephone Consumer Protection Act ("TCPA"). The faxes concern the reclassification of Levaquin for

insurance purposes.[1] Plaintiff alleges that the faxes were sent as commercial advertisements in violation of the TCPA. In contrast, Defendants argue that the faxes are informational and, therefore, exempted from the TCPA.

In response to Plaintiff's Complaint, Defendants jointly moved to dismiss Plaintiff's claims arguing that the faxes as a matter of law were informational and, as such, exempted from the TCPA. The District Court held argument on Defendants' motion. For the reasons set forth on the record on January 31, 2013 and for those set forth in the Supplemental Opinion dated February 6, 2013, the District Court granted Defendants' motion to dismiss, finding that "the faxes are indeed informational and that they include only an incidental amount of commercial material." (Supplemental Opinion of 2/6/2013 at 1; Docket Entry No. 28). Consequently, the District Court determined that the "faxes are not actionable under the TCPA." (*Id.*)

Plaintiff responded to this decision by filing a motion to reconsider the District Court's January 31, 2013 Order pursuant to FED.R.CIV.P. 59(e) and L.Civ.R. 7.1(i). In the alternative, Plaintiff sought leave to file an amended complaint. The District Court denied Plaintiff's motion for reconsideration finding that Plaintiff had not asked the court to "correct errors of law or fact upon which [its] rulings were based in order to prevent manifest injustice, [n]or was there an intervening change in the prevailing law." (Opinion of 6/6/2013 at 6; Docket Entry No. 43). Instead, the District Court noted that Plaintiff's motion for reconsideration was based on two new allegations that Plaintiff referred to as new evidence: (1) the receiver of the faxes in question, a physician, never prescribed Levaquin; and (2) because Levaquin was reclassified in 2004, not in 2008 when the faxes were sent, the fax "created a 'false impression that it was being

---

[1] The specific content of the faxes is discussed in detail in the District Court's Supplemental Opinion dated February 6, 2013 [Docket Entry No. 28]. As such, the Court does not go into further detail here.

2

sent for informational purposes.'" (*Id*. (quoting Plaintiff's Opp. Brief at 6)). The District Court found that these new allegations were not evidence for reconsideration purposes and since there was no allegation that the information supporting these allegations was not available when the District Court rendered its initial decision, there was no basis upon which the District Court could reconsider its prior rulings.

The District Court also found that Plaintiff's proposed amended complaint was futile because the only new allegations set forth in the pleading concerned the alleged fact that there was no prior business relationship between the parties. The District Court found these allegations to be insufficient because its "prior holding that the fax is an advertisement is not relevant to a finding of a prior business relationship, and as a result, amending the Complaint to include such allegations would not change the result." (*Id*. at 7). In addition, the District Court noted that Plaintiff's proposed amended complaint was devoid of any allegations that the faxes at issue "could not be considered truly informational" because "Levaquin was actually reclassified in 2004, and since the drug was already a Tier 2 drug in 2008, there was no 'reclassification,' 'up-to-date,' or 'breaking news' reimbursement information" to be disseminated at the time they were sent. (*Id*.) While Plaintiff raised these assertions in its brief, the District Court could not consider same because they were un-pled.

Despite the failures in Plaintiff's proposed amended complaint, the District Court permitted Plaintiff to amend its Complaint, although not in the form submitted with Plaintiff's motion. Instead, the District Court permitted Plaintiff to "amend its Complaint with whatever allegations it deems would be sufficient." (*Id*. at 8). In so doing, the District Court specifically noted that it was not making any findings as to whether Plaintiff's allegations concerning the timing of Levaquin's reclassification could state a claim.

Plaintiff filed its Amended Complaint on June 26, 2013. [Docket Entry No. 45]. Defendants filed answers in response to same on July 19, 2013. [Docket Entry Nos. 47 & 48]. Shortly thereafter, the Court set an Initial Conference with the parties to discuss the schedule to be set in this matter. During the Initial Conference, Defendants indicated their desire to bifurcate discovery. The Court directed Defendants to file a motion to that effect. Defendants did so by filing the instant motion.

Defendants seek to bifurcate discovery into two phases. During the first phase, the parties would focus on discovery related to whether the faxes at issue are informational or whether the informational content is a sham designed to conceal the fact that they are advertisements. During the second phase, the parties would conduct discovery on all matters, including class action issues. Before the second phase of discovery commences, Defendants would file a motion for summary judgment on the issue of whether the faxes are informational and therefore exempted from the TCPA. Using this approach, the parties would only engage in class action discovery if Plaintiff survived Defendant's anticipated motion for summary judgment.

Defendants argue that bifurcating discovery in this matter is warranted in light of the narrow, potentially dispositive issue that exists concerning whether the faxes at issue are informational. Defendants argue that this issue is "totally distinct from class action discovery" and "can be fully explored in a limited time, with limited costs, and with limited burdens on the parties and the Court." (Def. Br. at 4; Docket Entry No. 52). In contrast, Defendants argue that unbounded class action discovery involves substantial costs and burdens both for the parties and the court. Further, Defendants claim that the burden of class discovery is significantly greater for defendants than plaintiffs. Indeed, Defendants contend that "[c]ertification and potential

class liability are a sword of Damocles for Defendants[.]" (*Id.* at 5). Defendants argue that this would be particularly true here where the District Court has previously determined that the faxes at issue are informational. Consequently, Defendants argue that they should not be forced to spend resources engaging in class discovery from the outset. Instead, they argue that the most efficient manner for this case to proceed is for discovery to be bifurcated so that the issue of whether the faxes are informational, and therefore exempted under the TCPA, can be decided first.

Plaintiff opposes Defendants' motion to bifurcate. Plaintiff argues that, despite Defendants' claims to the contrary, bifurcation will not promote efficiencies in the litigation of this matter. In this regard, Plaintiff claims that "[n]o matter what evidence or testimony Defendants could hope to submit to support any forthcoming motion for summary judgment, there will at the very least still remain a genuine question of fact since the documents presented by Plaintiff already show <u>no Tier ranking change</u>." (Pl. Opp. Br. at 2; Docket Entry No. 53). Further, Plaintiff argues that Defendants have not shown that it will be more timely and less costly to litigate this matter by bifurcating discovery. Indeed, Plaintiff claims that "Defendants provide no analysis whatsoever of the expected savings of time and costs, rendering their motion wholly conclusory." (*Id*. at 4).

In contrast, Plaintiff contends that bifurcation will just further delay this case, which has already been "pending for almost eighteen months due in large part to Defendants' insistence that the faxes were informing of a Levaquin Tier change." (*Id.*) Specifically, Plaintiff contends that if this matter is bifurcated, the first phase of discovery will take nearly a year to complete. Plaintiff argues that such an expense of time cannot be justified. Plaintiff also argues that

Defendants "fail to explain just how separation of the Tier change issue from the normal class certification discovery can be accomplished." (*Id*. at 5).

In addition, Plaintiff argues that bifurcation ignores the need to preserve evidence in this TCPA matter. Plaintiff notes that in TCPA cases, electronic discovery involves databases of transmissions records. Plaintiff further notes that both IT and non-IT personnel are responsible for the integrity of these databases. Plaintiff argues that given the different personnel involved in maintaining the databases, there is always a risk that the actual integrity of the databases has been compromised. Plaintiff claims that this issue is compounded by the fact that "the steps taken to actually send the faxes at issue may involve known *and even* unknown outside parties or vendors" coupled with the common practice in data storage to delete data on quick intervals to increase efficiencies and decrease costs. (*Id.* at 7). As such, Plaintiff argues that there is a risk that vendors, both known and unknown, may be deleting or destroying databases relevant to this case. Plaintiff argues that bifurcation will only multiply problems associated with evidence preservation by delaying Plaintiff's ability to secure evidence for almost a year.

Indeed, Plaintiff argues that it will be inherently prejudiced if this matter is bifurcated. In this regard, Plaintiff claims that "[s]ince no discovery has occurred in this case, Plaintiff will be forever prejudiced if evidence relevant to proving this case, evidence in the form of electronic data, is innocently destroyed or deleted as a matter of course by anyone who participated in the sending of the faxes at issue here." (*Id*. at 8). For these reasons, Plaintiff argues that Defendants' motion to bifurcate discovery should be denied.

## II. Analysis

Federal Rule of Civil Procedure 42(b) governs requests to bifurcate. According to Rule 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Under Rule 42(b), "a district court has broad discretion in separating issues and claims for trial as part of its wide discretion in trial management." *Medpointe Healthcare, Inc. v. Hi-Tech Pharmacal Co., Inc.*, Civil Action No. 03-555 (MLC), Civil Action No. 04-1686 (MLC), 2007 U.S. Dist. LEXIS 4652, at *12-13 (D.N.J. Jan. 22, 2007) (internal quotation marks and citation omitted). Further, the broad discretion afforded courts in handling discovery disputes extends to decisions over bifurcating discovery. *See Weiss v. First Unum Life Ins. Co.*, Civil Action No. 02-4249 (GEB), 2008 WL 755958, *1 (March 19, 2008); *see also Bandai America Inc. v. Bally Midway Mfg. Co.*, 775 F.2d 70, 74 (3d Cir. 1985) (holding that bifurcation orders and orders controlling order of discovery are reviewed for abuse of discretion).

Here, the Court finds that bifurcating discovery as proposed by Defendants is warranted under Rule 42(b). In this regard, the Court agrees with Defendants that a narrow, potentially dispositive issue exists concerning whether the faxes sent to Plaintiffs are informational and therefore not actionable under the TCPA. Further, the Court is not persuaded by Plaintiff's argument that the information contained in and attached to its Amended Complaint regarding the lack of Levaquin Tier changes since at least 2004 precludes summary judgment being granted in Defendants' favor. Defendants have already referenced evidence of Tier changes occurring as late as 2007. Conflicting evidence does not always preclude summary judgment. Moreover, the District Court never determined that Plaintiff's now asserted sham allegations do, in fact, state a claim. As a result, even absent Tier changes, the District Court could find that the faxes are

informational. As a result, depending on what evidence is ultimately presented, the District Court may determine that summary judgment is warranted.

In addition, the Court finds that the issue concerning whether the faxes here are informational is totally distinct from class issues. Unlike Plaintiff, the Court finds that there will be no significant overlap between the two and therefore no real danger of a duplication of efforts or corresponding increase in litigation costs. Moreover, the Court also finds that bifurcating the two issues has the potential to save the parties and the Court from the substantial costs and burdens associated with whole scale class action discovery. While Plaintiff faults Defendants for not supporting their claims concerning the burdens and costs associated with class action discovery, it is generally recognized that class actions involve the potential "for hefty litigation expenses and an extensive use of judicial resources in the resolution of these claims[.]" *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC,* Civ. No. 11-00011, 2013 WL 663301, at *5 (D.N.J. Feb. 21, 2013). It is also generally understood that the costs can be particularly "enormous" for defendants. *Id.*

Similarly, the Court finds Plaintiff's projection regarding how long the first phase of discovery will take to be unreasonable. The discovery at issue in phase one is narrow and relates solely to whether the faxes sent to Plaintiff are informational or whether their apparent informational content is a sham. Given this limited scope of discovery, there is simply no reason why it should take close to a year to complete. Instead, the Court is confident that it can be conducted in approximately 4 months.

Further the Court is not convinced that Plaintiff will be prejudiced by bifurcation. While Plaintiff raises concerns over delay and the possibility that evidence will be lost or destroyed, these concerns are not overly persuasive. First, the faxes at issue were sent in the Spring of

2008, nearly four years before Plaintiff elected to file suit. If evidence preservation and the elapse of time were a substantial concern, one would have expected this case to have been filed more expediently. Second, the fact that no discovery has taken place to date can hardly be blamed on Defendants. In response to Plaintiff's original Complaint, Defendants filed a motion to dismiss. Defendants succeed on that motion: the District Court determined that Plaintiff had failed to assert a viable claim under the TCPA. In response to the District Court's decision, Plaintiff moved for reconsideration or in the alternative to file an amended Complaint. The District Court denied Plaintiff's motion for reconsideration and found that Plaintiff's proposed amended complaint failed to state a claim under the TCPA. Nevertheless, the District Court permitted Plaintiff to file an amended pleading, albeit not in the form attached to the motion for reconsideration. Plaintiff filed its Amended Complaint on June 26, 2013, over 14 months after the initial Complaint was filed. Defendants certainly are not responsible for delaying discovery during this period of time. Quite to the contrary, they moved to dismiss Plaintiff's Complaint and they succeeded on that motion. Third, Defendants have notified third parties of this lawsuit and have put them on notice to preserve evidence. Under these circumstances, the Court finds that Plaintiff will not be prejudiced by an additional 4 month delay caused by bifurcating discovery into two phases.

Everything considered, the Court finds that bifurcating discovery into two phases will promote the efficient resolution of this matter. It will allow the Court to address a narrow, potentially dispositive issue in a timely and cost effective manner with no significant prejudice to Plaintiff. Consequently, the Court hereby bifurcates discovery as requested by Defendants. The parties are directed to submit a proposed schedule for fact discovery concerning whether the faxes sent were informational or whether their apparent informational content was a sham and

the faxes were in reality advertisements. The schedule submitted shall have this phase of discovery closing no later than June 13, 2014.[2]

### III. Conclusion

For the reasons set forth above, Defendants motion to bifurcate discovery is GRANTED. An appropriate Order follows.

Dated: February 4, 2014

                                         s/Tonianne J. Bongiovanni
                                         **HONORABLE TONIANNE J. BONGIOVANNI**
                                         **UNITED STATES MAGISTRATE JUDGE**

---

[2] The Court notes that after Defendants' motion to bifurcate was filed, Defendants filed a motion for summary judgment. In response, Plaintiff has filed an opposition arguing that certain discovery is needed in order to respond to Defendants' motion for summary judgment. This Opinion does not reach that issue, but only addresses Defendants' motion to bifurcate.