IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | | |
|---|---|---|
| PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) ) | |
| Plaintiff, | ) ) | No. 12-cv-02132-FLW-TJB |
| v. | ) ) | |
| JANSSEN PHARMACEUTICALS, INC., ALERT MARKETING, INC., ORTHO-McNEIL PHARMACEUTICAL, INC., ORTHO-McNEIL, INC. and JOHN DOES 1-10, | ) ) ) ) ) | |
| Defendants. | ) | |

## JOINT PROPOSED SCHEDULE

Pursuant to the Court's Order of February 4, 2014, the parties submit this Joint Proposed Schedule for the first phase of the bifurcated discovery.

1. Written Discovery

Plaintiff's Position – Plaintiff disagrees with Defendants' position that written discovery is not needed. Plaintiff proposes written discovery to, among other things, identify all of the people with information regarding the knowledge of, and date of that knowledge, of the Tier ranking changes. Plaintiff also proposes Defendants produce reports, correspondence, drafts, etc. which also reflect upon the Tier ranking changes. Because of the four month time frame suggested by the Court, Plaintiff inquired as to Defendants' ability to respond to written discovery in less than the normal 30 days and Defendants responded that was unlikely. Plaintiff will issue written discovery by February 28, 2014. Plaintiff will also be issuing third party discovery on United Healthcare.

Defendants' Position – Defendants reserve all of their objections to discovery as set forth in their summary judgment reply brief, Doc. 61, which requests that the Court grant summary judgment without further discovery.

Defendants do not believe that the written discovery Plaintiff seeks is necessary on the summary judgment issues, for the reasons set forth in their summary judgment reply brief, Doc. 61, and because the proposed discovery goes beyond the scope permitted in Magistrate

Judge Bongiovanni's February 4, 2014 Order (limiting discovery to whether the faxes were informational or sham).

As background, the Court previously found the faxes to be informational. Plaintiff contended that they were a sham. (Doc. 32-1 at 3; Doc. 48 at ¶s 20-24) Plaintiff's sole basis for that argument was that no tier change had occurred; specifically, that "from at least 2004 the drug has had the same tier rating as stated in the fax." Pl.'s Mem. Supp. Recons. at 3 (Doc. 32-1); *see also id.* at 6; First Am. Compl. ¶¶ 20, 21, 23, 24. Because this alleged lack of a tier change is the sole basis for Plaintiff's sham allegation, it is the only issue for discovery. Any discovery other than as to whether a tier change existed is beyond the Court's order and irrelevant.

In response to Plaintiff's sham argument, Defendants submitted the declarations of Catherine Owen and Eric Matckie, which explained that the faxes described changed circumstances as a result of tier level renewals and changes that occurred in early 2008. Under Magistrate Judge Bongiovanni's Order, discovery must focus on the key issue of whether tier changes occurred in early 2008. Defendants do not oppose Plaintiff's proposed third party discovery on United Healthcare, because it relates to that issue. But Defendants oppose wide ranging written discovery as to "reports, correspondence, drafts, etc." which "reflect upon" the tier changes as beyond the scope; the only issue is whether such tier changes occurred.

2. <u>Depositions</u>

Plaintiff's Position – Plaintiff would like to take targeted depositions based upon Defendants' previously filed motion for summary judgment (Doc. 56) and responses to interrogatories. Plaintiff anticipates that those depositions may lead to a second round of depositions as knowledge of the Tier ranking changes is followed through the employees involved in the faxing. Before receiving written responses, Plaintiff is unaware if that constitutes two employees or twelve employees. Plaintiff also will be taking the depositions of the affiants, which may or may not be part of the group to be identified through written discovery. At this time Plaintiff disagrees with Defendants' strong suggestions that only one or two depositions is all that is needed. Plaintiff anticipates, with no scheduling issues, to have all or substantially all depositions done (or scheduled) by June 1, 2014.

Defendants' Position – Defendants reserve all of their objections to discovery as set forth in their summary judgment reply brief, Doc. 61, which requests that the Court grant summary judgment without further discovery.

If depositions are permitted, Defendants will not oppose the depositions of Catherine Owen and Eric Matckie (their declarants) or of other non-duplicative witnesses who can testify specifically as to whether tier changes occurred in early 2008. Defendants object, however, to wide-ranging and irrelevant depositions of "employees involved in the faxing," unless such persons have specific, non-duplicative knowledge as to whether tier changes occurred in early 2008.

3. Expert Witnesses

Expert Witnesses will be disclosed by May 1, 2013.

For Plaintiff:

s/ Brian J. Wanca
Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road
Suite 760
Rolling Meadows, IL  60008
Telephone: 847-368-1500

s/ Michael J. Canning
Michael J. Canning
GIORDANO, HALLERAN & CIESLA
125 Half Mile Road, Suite 300
Red Bank, NJ   07701-6777
Telephone:  732-741-3900

For Defendants:

s/ Mark Sableman
Mark Sableman
THOMPSON COBURN LLP
One U.S. Bank Plaza
St. Louis, MO  63102
Telephone: 314-552-6000
*Attorneys for Defendant Alert Marketing*

s/ Kathleen N. Fennelly
Graham Curtin
A Professional Association
4 Headquarters Plaza, P.O. Box 1991
Morristown, NJ  07962-1991
Telephone:  973-292-1700
*Attorneys for Defendant Alert Marketing*

s/ Marsha J. Indych
Marsha J. Indych
DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, NY   10036
Telephone:  212-248-3140
*Attorneys for Defendants Janssen Pharmaceuticals, Inc. and Ortho-McNeil Pharmaceutical, LLC, incorrectly identified as Ortho-McNeil Pharmaceutical, Inc.*[1]

---

[1] Ortho-McNeil, Inc. merged into Ortho-McNeil-Janssen Pharmaceuticals, Inc. on December 31, 2007.  Ortho-McNeil-Janssen Pharmaceuticals, Inc. is now known as Janssen Pharmaceuticals, Inc.

2027426.1